ESTATE OF SIDNEY RIEFBERG, DECEASED, HENRIETTA RIEFBERG, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Riefberg v. Commissioner
Docket No. 9318-80.
United States Tax Court
T.C. Memo 1982-70; 1982 Tax Ct. Memo LEXIS 677; 43 T.C.M. (CCH) 519; T.C.M. (RIA) 82070; February 11, 1982. Daniel N. Fiorie, for the petitioner. Michael Shaff, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Chief Judge: Respondent asserted a deficiency in petitioner's Federal estate tax of $ 10,411. The sole issue to be decided is whether the value of the proceeds of an insurance policy is includable in the decedent's gross estate where the decedent possessed at the time of death the right to designate the beneficiary of the policy. This case was submitted fully stipulated pursuant to Rule 122. [1] The stipulation of facts and related exhibits are incorporated herein by this reference. *678 Petitioner is the Estate of Sidney Riefberg, represented by its executrix, Henrietta Riefberg (the decedent's widow). Henrietta Riefberg (Ms. Riefberg) resided in Roslyn Hights, N.Y., when the petition in this case was filed. Sidney Riefberg died on June 14, 1976, and a Federal estate tax return was filed on behalf of his estate. The decedent had been a member of the International Brotherhood of Teamsters. As a member, he had received a $ 10,000 group life insurance policy. He made no payments for this policy other than his required union dues, although his employer indirectly made payments for the policy via its contribution to a union welfare fund. The decedent could not surrender, assign, or borrow against the policy. At all times until his death, the decedent had the right to name or change the beneficiary of the insurance policy. He named Ms. Riefberg as the beneficiary when he was issued the policy, and that designation remained unchanged at the time of his death. Ms. Riefberg was not named as beneficiary in her capacity as executrix. The value of life insurance proceeds is includable in a decedent's gross estate if the decedent possessed an incident of ownership *679 over the policy at the time of his death. Section 2042(2). The power of the decedent to designate the beneficiary of the policy is such an incident; that the policy lacked surrender or loan value and could not be assigned is irrelevant. . See . Because of concessions, Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect on the date of the decedent's death.↩